BAILES, Judge.
As the result of an intersectional collision between an automobile driven by Jessie Boudreaux and another driven by Claude *907 D. Chauvin, this action was filed by plaintiffs wherein they seek to recover a money judgment for damages allegedly inflicted on them. Plaintiff, Edward P. Boudreaux, seeks to recover damages to his automobile of $224.85, loss wages of his wife, $67.50 and medical expenses in treatment of his wife and his daughter, Joyce, in the amount of $50.50. These amounts total $342.85; and as administrator of the estate of his daughter, Joyce, he claims $1,000 for alleged brush burns of left hip, anterior lower half of leg, general brush burns and contusions over her body. Plaintiff, Mrs. Sophie Brien Boudreaux, wife of above named plaintiff, seeks to recover $1500 for injuries alleged to consist of contusions of the left shoulder and anterior left (sic), contusions of upper chest, a sprain of left shoulder, a sprain of left knee, injury to her bade, and shock. Plaintiff, Jessie J. Bou-dreaux, sues for $500 for an alleged contusion of left knee cap which left him lame for several days.
The trial court denied the demand of Jessie J. Boudreaux because of lack of proof. As no appeal was taken from this finding of the trial court, this portion of the judgment is final and is given no consideration herein. Plaintiff, Edward P. Boudreaux, individually, was awarded his demands as stated above totalling $342.85, and as administrator of the estate of his minor daughter, Joyce, he was awarded $400. His wife, Mrs. Sophie Brien Boudreaux, was awarded $1,250. From these awards of the trial court, defendants appealed.
In their brief, defendants concede the correctness of the award of $342.85 to plaintiff, Edward P. Boudreaux, and therefore, this portion of the judgment of the trial court is admittedly correct. The only question before us in this appeal is one of quantum. Defendants contend the awards of $1250 to Mrs. Boudreaux and of $400 for the injuries to the daughter, Joyce, are excessive.
Neither Mrs. Boudreaux nor her daughter were admitted to a hospital for treatment. Both were seen by their doctor in the emergency room of the Terrebonne General Hospital shortly after the accident on the afternoon of November 1, 1963, and subsequently on three separate occasions at his office following the initial examination and treatment. Both were discharged on November 16, 1963.
The treating physician testified he diagnosed Mrs. Boudreaux’s injuries as contusion and sprain of the left shoulder and left knee. She was discharged, without disability, on November 16, 1963. The doctor testified Mrs. Boudreaux had the type injury which would produce a moderate amount of pain. He prescribed external heat and gave her a mild sedative.
Mrs. Boudreaux testified that she suffered pain for about two weeks with a gradual improvement and she had a soreness in her chest and shoulder, with some discoloration (ecchymosis) resulting from the contusions to that area.
From our appreciation of the testimony of the treating physician, together with the testimony of Mrs. Boudreaux, we conclude she experienced no more than minor injuries which subsided in due course without any residual disability. We find the trial court’s award of $1,250 is excessive, and an award of $750 is fully adequate to fairly compensate Mrs. Boudreaux for these injuries.
Directing our attention now to the claim of plaintiff-father for the injuries of his daughter, Joyce, we find the treating physician diagnosed her injuries as a contusion and brush bum of the left hip and right anterior lower half of the leg. The doctor dressed her brash burns, gave her a tetanus toxoid injection and a “little sedative” for nervousness. She, too, was dismissed from further treatment on November 16, 1963, without disability. Her injuries were described as minor and she was asymptomatic after about a month. The trial court’s award of $400 appears to be fair and adequate. Although defendants *908 contend this amount is excessive, we find the trial judge did not abuse his discretion.
For the foregoing reasons, the trial court’s award to plaintiff, Mrs. Sophie Bricn Boudreaux, is amended and reduced to $750, and in all other respects, the judgment is affirmed, at defendant-appellants’ costs.
Amended and affirmed.